REQUESTED BY: Dear Senator:
You have asked if LB 33 of the Eighty-fifth Legislature, First Session (1977), is constitutional. You state that you are particularly interested in the question as to whether section 10(1) of LB 33, supra, meets all the tests of constitutionality. You note that said section limits general fund expenditures of school districts and subsection (1) of this section limits increases in salary and salary related items to percentage increases in the Consumer Price Index. In connection therewith you state that Mr. Richard Bahr, U.S. Department of Labor, Division of Consumer Prices and Indices, has informed you that although the criteria used to determine the Consumer Price Index has not been changed since 1973, a number of criteria changes will be made in the fall of 1977.
It is well-settled law that the Legislature may lawfully enact a statute in which it adopts by reference an existing law or regulation of another jurisdiction, including the United States. Hamilton v. Foster, 155 Neb. 89,50 N.W.2d 542 (1951); Lincoln Dairy Co. v. Finigan, 170 Neb. 777,104 N.W.2d 227 (1960). On the other hand, it is also well-settled law that the Legislature, except as authorized by the Constitution of Nebraska, may not lawfully enact a statute in which it adopts (1) administrative rules of a federal agency to be promulgated in the future or (2) an act of the Congress of the United States to be enacted in the future. Section 1B of Article VIII, Constitution of Nebraska; Smithberger v. Banning, 129 Neb. 651,262 N.W. 492 (1935). Consequently, the critical problem with section 10(1) of LB 33 of the Eighty-fifth Legislature, First Session (1977), is the possibility that the United States Department of Labor may establish certain criteria to determine the Consumer Price Index different from the criteria which was established to determine this index at the time LB 33, supra, is passes by the Legislature and approved by the Governor.
If that were to occur a court could find that section 10(1) of this legislative bill had been rendered inoperative. However, such a finding would not necessarily be critical for the reason that school district budgets are fixed in August of each year which would be prior to any change in the criteria to determine the Consumer Price Index, assuming that criteria is changed this fall. Obviously, if that criteria is changed this fall, the second session of the Eighty-fifth Legislature should consider an appropriate amendment to this legislation next year. Even if the criteria to determine the Consumer Price Index is not changed this fall, the Legislature should consider an appropriate amendment to this legislation next year for the reason that the law is unclear as to whether or not the Legislature can presently adopt the numerical value of this index to be determined in the future.